# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

FISERV, INC. )
          )
    Plaintiff, )
          )
  vs. )
          )  Case No. 2:26-cv-00908
          )
GIFTIFY, INC. )
          )
    Defendant. )
          )

## COMPLAINT

Fiserv, Inc. ("Fiserv"), by and for its Complaint against Defendant Giftify, Inc. ("Giftify" or "Defendant"), alleges to the Court as follows:

## PARTIES

1. Fiserv is a company organized and existing under the laws of the State of Wisconsin, with a principal place of business located at 600 N. Vel. R. Phillips Avenue, Milwaukee, Wisconsin 53203.

2. Fiserv is informed and believes that Defendant Giftify, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1100 E. Woodfield Road, Suite 510, Schaumburg, Illinois 60173. Giftify is a publicly traded company (NASDAQ: GIFT) that acquires and operates businesses across retail, dining, and digital commerce, including CardCash.com.

## JURISDICTION

3. This is an action at law and in equity for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the common law and statutes of the State of

Wisconsin (Wis. Stat. ch. 132).

4.      This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under the common law and statutes of the State of Wisconsin pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant has purposefully availed itself of the privileges and protections of conducting business in Wisconsin and this District. Specifically, Defendant, through at least CardCash.com, markets and sells it uChoose Offerings to consumers and businesses located in Wisconsin, maintains interactive commercial websites accessible to and targeting Wisconsin residents, and has engaged in a continuous and systematic course of business activity in Wisconsin such that Defendant may be considered essentially at home in this forum. Moreover, Defendant has directed its infringing activities into this District by marketing and offering the uChoose Offerings to Wisconsin consumers through the same channels of trade in which Fiserv's UCHOOSE REWARDS mark is well known, including to the financial institutions and businesses that Fiserv serves from its principal place of business in this District.

**VENUE**

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this District, Defendant is subject to personal jurisdiction in this District, and Defendant has directed its infringing conduct into this District. Fiserv's principal place of business is in this District, and the injury to Fiserv's goodwill in its UCHOOSE REWARDS mark is felt in this District. Additionally, Defendant's uChoose Offerings are marketed to and accessible by consumers

2

and businesses within this District.

## BACKGROUND

7.      Fiserv is a global financial technology company that provides a wide range of products and services, including payment processing, digital banking, and merchant acquiring solutions, to banks, credit unions, retailers, merchants, and other sectors. Fiserv does business in more than 100 countries, supports more than 6 million merchant locations, and authorizes more than 90 billion transactions per year. As a result of Fiserv's efforts, consumers are widely familiar with and recognize Fiserv's products and services.

8.      Since as early as June 9, 2008, Fiserv has used its federally registered UCHOOSE REWARDS Mark (U.S. Reg. No. 3,563,607) in connection with promoting the sale and increased utilization of credit and debit card accounts through the administration of incentive award programs for credit unions and banks. Under its UCHOOSE REWARDS Mark, Fiserv offers multiple platforms for cardholders to earn points and redeem them via a mobile app or website for a wide selection of rewards, including gift cards, travel, experiences, cash back, and millions of merchandise items.

## THE MARK-IN-SUIT

9.      Fiserv is the registered owner of all right, title, and interest in and to the trademark UCHOOSE REWARDS, which is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as Registration No. 3,563,607 (the "Fiserv Mark"), covering "promoting the sale and increased utilization of credit and debit card accounts through the administration of incentive award programs for credit unions and banks" in Class 35. The USPTO granted registration to the Fiserv Mark on January 20, 2009.

3

| Mark/Reg. No. | Status/Key Dates | Goods/Services |
|---|---|---|
| UCHOOSE REWARDS<br><br>Reg. No. 3,563,607 | First Use: June 9, 2008<br>Filed: April 18, 2008<br>Registered: January 20, 2009 | (Int'l Class: 35) Promoting the sale and increased utilization of credit and debit card accounts through the administration of incentive award programs for credit unions and banks |

10. A true and correct copy of the registration certificate is attached hereto as Exhibit A.

11. Fiserv has valid and protectable rights in the Fiserv Mark.

12. The Fiserv Mark has been used continuously for at least five years since its registration, and thus has become incontestable pursuant to 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of Fiserv's exclusive right to use the Fiserv Mark in commerce in connection with the goods and services identified in the registration.

**GIFTIFY'S INFRINGING ACTS**

13. Upon information and belief, Giftify, through at least CardCash.com, has released and is marketing a "uChoose" Corporate Rewards Platform and a "uChoose" card (collectively, the "uChoose Offerings"). The uChoose Offerings allow users to redeem rewards with over 200 brands, including large merchants such as Amazon, Starbucks, Walmart, Best Buy, Dunkin', and Lululemon, among others. Attached hereto as Exhibit B are screenshots of Giftify's uChoose website and card page marketing the uChoose offerings.

14. Without Fiserv's authorization, and many years after Fiserv acquired protectable exclusive rights in the Fiserv Mark, Giftify adopted and began using the designation "uChoose" in connection with a corporate rewards platform and card.

15. The "uChoose" designation adopted and used by Giftify is confusingly similar to Fiserv's UCHOOSE REWARDS Mark. Multiple factors demonstrate a substantial likelihood of

4

confusion between Giftify's uChoose Offerings and Fiserv's UCHOOSE REWARDS Mark.

### *Similarity of the Marks*

16. Giftify's "uChoose" designation is identical to the dominant element of Fiserv's UCHOOSE REWARDS Mark. The Fiserv Mark consists of the coined term "UCHOOSE" combined with the descriptive term "REWARDS." Giftify's uChoose card fully incorporates "uchoose" with only a stylistic variation of a lowercase "u" and capitalized "C." Giftify's uChoose Corporate Rewards Platform integrates both "uchoose" and "rewards." The dominant, source-identifying element of both marks—UCHOOSE—is identical. *See* Exhibits B and C.

### *Relatedness of the Goods and Services*

17. Both Fiserv's UCHOOSE REWARDS® platform and Giftify's uChoose Offerings operate in the same space: rewards platforms and cards that allow users to earn and redeem rewards, including gift cards, with major national retailers. Fiserv's UCHOOSE REWARDS Mark is registered for promoting the sale and utilization of credit and debit card accounts through incentive award programs. *See* Exhibit A. Giftify's uChoose Offerings are described as a "Corporate Rewards Platform" with a corresponding card—a rewards solution directly overlapping with the goods and services covered by Fiserv's registration. *See* Exhibits B and C. Moreover, Giftify's own corporate materials describe uChoose as a "B2B distribution" and "customizable reward platform." A copy of Giftify's corporate investor presentation is attached hereto as Exhibit C.

### *Channels of Trade and Classes of Consumers*

18. Fiserv and Defendant market their respective rewards platforms and cards to businesses, financial institutions, and their customers in and through U.S. commerce. Fiserv's UCHOOSE REWARDS® program serves credit unions and banks that offer rewards to their

5

cardholders. On information and belief, Giftify's uChoose Offerings are marketed as a corporate rewards and gifting solution for businesses and their employees, clients, and customers. The overlapping channels of trade and consumer classes increase the likelihood that consumers will mistakenly believe that Giftify's uChoose Offerings originate from or are sponsored or approved by Fiserv when they are not.

### *Defendant's Intent*

19. Upon information and belief, Giftify adopted and is using the "uChoose" designation with knowledge of Fiserv's prior rights. Giftify's selection of a nearly identical mark for use in connection with directly overlapping rewards-related products and services suggests a deliberate intent to trade on the goodwill of Fiserv's UCHOOSE REWARDS Mark. This inference is reinforced by Giftify's complete failure to respond to two separate cease-and-desist letters from Fiserv and its counsel.

20. On March 20, 2026, Fiserv, through its counsel, sent Giftify a cease-and-desist letter demanding that Giftify immediately cease its infringing conduct, requesting a response by April 3, 2026. A copy of this letter is attached hereto as Exhibit D. Giftify failed to respond.

21. On May 8, 2026, Fiserv, through its outside counsel, sent Giftify a second cease-and-desist letter demanding that Giftify cease all infringing use within ten days or face litigation. A copy of this letter is attached hereto as Exhibit E. Giftify again failed to respond or otherwise engage on this matter.

### COUNT I

**INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114**

22. Fiserv repeats and realleges each and every allegation contained in paragraphs 1-21, inclusive, as though fully set forth herein.

23. Defendant's unauthorized use in commerce of the "uChoose" designation as

6

alleged herein is likely to cause and is causing confusion as to the sponsorship, affiliation, connection, and/or association between Defendant and Fiserv and is likely causing and will continue to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Fiserv or that Defendant is in some way affiliated with or sponsored by Fiserv. Defendant's conduct therefore constitutes infringement of Fiserv's UCHOOSE REWARDS Mark in violation of 15 U.S.C. § 1114.

24.     Specifically, these actions constitute infringement of the following registered U.S. trademark:

| Mark | Reg. No. |
|------|----------|
| UCHOOSE REWARDS | Reg. No. 3,563,607 |

25.     Upon information and belief, Defendant's infringement of Fiserv's federally registered UCHOOSE REWARDS Mark has been and is deliberate, willful, and in bad faith.

26.     As a direct and proximate result of the unlawful acts described above, Fiserv has been damaged, and Defendant has been unjustly enriched, in an amount to be determined at the time of trial.

27.     Unless enjoined by this Court, Defendant's unlawful acts are causing and will continue to cause irreparable damage, loss, and injury to Fiserv for which it has no adequate remedy at law.

28.     Pursuant to 15 U.S.C. §§ 1116-1117, Fiserv is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Defendant's profits, to the costs of this action, and to its attorneys' fees.

7

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION
### OF ORIGIN UNDER 15 U.S.C. § 1125(a)

29. Fiserv repeats and realleges each and every allegation contained in paragraphs 1-28, inclusive, as though fully set forth herein.

30. In addition to the registered UCHOOSE REWARDS Mark, Fiserv also owns valuable common law trademark rights in the UCHOOSE REWARDS mark. By virtue of Fiserv's continuous use of the UCHOOSE REWARDS Mark since 2008 in connection with the promotion and sale of rewards-related products and services, the UCHOOSE REWARDS Mark has gained widespread consumer recognition and has developed valuable associated goodwill

31. Upon information and belief, Defendant has used and is using the "uChoose" designation in interstate commerce, without the consent of Fiserv, to identify Defendant's goods and/or services in connection with the advertising and promotion of such goods and/or services

32. Defendant's unauthorized use in commerce of the "uChoose" designation as alleged herein is likely to cause and is causing confusion as to (1) the affiliation, connection, and/or association between Defendant and Fiserv; (2) the sponsorship, endorsement, and/or approval of Defendant's goods and/or services by Fiserv; and (3) the origin of Defendant's goods and/or services. Defendant's conduct therefore violates 15 U.S.C. § 1125(a).

33. Upon information and belief, Defendant's infringement of Fiserv's common law UCHOOSE REWARDS Mark has been and is deliberate, willful, and in bad faith.

34. As a direct and proximate result of the unlawful acts described above, Fiserv has been damaged, and Defendant has been unjustly enriched, in an amount to be determined at the time of trial.

35. Unless enjoined by this Court, Defendant's unlawful acts are causing and will

8

continue to cause irreparable damage, loss, and injury to Fiserv for which it has no adequate remedy at law.

36. Pursuant to 15 U.S.C. §§ 1116-1117, Fiserv is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Defendant's profits, to the costs of this action, and to its attorneys' fees.

## COUNT III

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

37. Fiserv repeats and realleges each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

38. Defendant's conduct as alleged and described above further constitutes trademark infringement and unfair competition under Wisconsin common law.

39. Upon information and belief, Defendant's actions have been and are deliberate, willful, and in bad faith.

40. As a direct and proximate result of the unlawful acts described above, Fiserv has been damaged, and Defendant has been unjustly enriched, in an amount to be determined at the time of trial.

41. Unless enjoined by this Court, Defendant's unlawful acts are causing and will continue to cause irreparable damage, loss, and injury to Fiserv for which it has no adequate remedy at law.

## COUNT IV

**WISCONSIN STATUTORY TRADMARK INFRINGEMENT (WIS. STAT. CH. 132)**

42. Fiserv repeats and realleges each and every allegation contained in paragraphs 1-41, inclusive, as though fully set forth herein.

43. The Wisconsin statutes provide a cause of action for trademark infringement,

9

including the unauthorized use of a mark in a manner likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of goods or services.

44. Fiserv is the owner of valuable trademark rights in the UCHOOSE REWARDS Mark, including common law rights and rights protected under Wisconsin law.

45. Defendant's use of the "uChoose" designation is confusingly similar to Fiserv's UCHOOSE REWARDS Mark and is likely to cause confusion, mistake, or deception among consumers and businesses as to the affiliation, connection, or association of Defendant with Fiserv, or as to the origin, sponsorship, or approval of Defendant's goods and services by Fiserv.

46. Defendant's conduct as alleged and described above further constitutes trademark infringement and unfair competition under Wisconsin statutory law, including Wis. Stat. ch. 132.

47. Upon information and belief, Defendant's infringement of Fiserv's trademark rights have been and are deliberate, willful, and in bad faith.

48. As a direct and proximate result of the unlawful acts described above, Fiserv has been damaged, and Defendant has been unjustly enriched, in an amount to be determined at the time of trial.

49. Unless enjoined by this Court, Defendant's unlawful acts are causing and will continue to cause irreparable damage, loss, and injury to Fiserv for which it has no adequate remedy at law.

50. Fiserv is entitled to injunctive relief and such other relief as this Court deems just and proper under Wis. Stat. ch. 132.

## **PRAYER FOR RELIEF**

Wherefore, Fiserv respectfully prays for entry of a judgment and relief as follows:

A. For a judgment that Defendant has infringed Fiserv's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1114;

10

B.      For a judgment that Defendant has engaged in unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a);

C.      For a judgment that Defendant has engaged in trademark infringement and unfair competition in violation of the common law of Wisconsin;

D.      For a judgment that Defendant has engaged in trademark infringement and unfair competition in violation of the Wis. Stat. ch. 132.

E.      For a judgment that Defendant's foregoing misconduct was willful;

F.      For a preliminary and permanent injunction enjoining Defendant and its agents, officers, directors, employees, and all persons in privity or active concert or participation with them, directly or indirectly, from using UCHOOSE, uChoose, or any confusingly similar designation in connection with any rewards platform, card, financial product, payment product, software product, website, URL, or related service;

G.      For an order awarding Fiserv, under 15 U.S.C. § 1117, all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's infringement of Fiserv's trademark rights (including, but not limited to, damages awarded pursuant to 15 U.S.C. § 1117 trebled);

H.      For a judgment and award of any supplemental damages sustained by Fiserv for any continuing post-verdict infringement of Fiserv's trademark rights until entry of final judgment with an accounting as needed;

I.      For an order finding that this case is exceptional and awarding Fiserv its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendant;

J.      For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

11

K.    For an award of such other relief to Fiserv as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Fiserv demands a trial by jury on all issues so triable.

Dated:  May 21, 2026                                Respectfully submitted,


<u>s/Kadie M. Jelenchick</u>
Kadie M. Jelenchick
Attorney Bar Number: WI Bar No. 1056506
Attorney for Plaintiff
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: (414) 271-2400
Email: kjelenchick@foley.com

12